# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY S. WRIGHT,

                Plaintiff,

v.

Case No. 17-CV-1384-JPS

STATE OF WISCONSIN
DEPARTMENT OF CORRECTIONS,

**ORDER**

                Defendant.

Plaintiff Jeffrey Wright, who is incarcerated at the Kettle Moraine Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that Defendant violated his constitutional rights. (Docket #1). This case was originally assigned to Magistrate Judge David E. Jones, but because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly reassigned to a District Court judge for screening of the complaint.

In addition to filing a complaint, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee. (Docket #2). The Prison Litigation Reform Act ("PLRA") gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee. On October 16, 2017, Magistrate Jones ordered Plaintiff to pay an initial partial filing fee of $9.87. (Docket #5). Plaintiff paid that fee on November 2, 2017. Accordingly, the Court will grant Plaintiff's motion to proceed

without prepayment of the full filing fee. He is required to pay the balance of the filing fee over time in the manner explained at the end of this order.

Next, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he works in his institution's kitchen as a dishwasher. (Docket #1 at 3). A cook ordered him to go into a different area of the kitchen, where he is not assigned. *Id.* at 2. While there, an oven

rack fell on him and burned his arm. *Id.* It is not clear from the complaint whether the oven rack fell on Plaintiff because of his own actions or because of a problem with the oven rack itself. Plaintiff explains that he was seen by health services and given cream to apply to the burn. *Id.* at 3. He asserts that the burn is now infected. *Id.* Plaintiff seeks money damages and asks that the oven rack be fixed. *Id.* at 4.

Plaintiff fails to state a claim under § 1983 against the only named defendant, the Wisconsin Department of Corrections ("DOC"). For a defendant to be liable under § 1983, it must have participated directly in the violation of a plaintiff's constitutional rights. *Hildebrandt v. Ill. Dept. of Natural Res.*, 347 F.3d 1014, 1036 (7th Cir. 2003). The DOC cannot be held liable for the actions of its employees. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Because Plaintiff fails to allege that a DOC policy violated his constitutional rights, he fails to state a claim against the DOC.

Had Plaintiff named a proper defendant—that is, a state actor who participated directly in the violation of Plaintiff's constitutional rights—his complaint would approach sufficiency to state a claim under the Eighth Amendment for deliberate indifference to his safety and to his medical needs, but, at this stage, his complaint would still fall short.

The Eighth Amendment's proscription against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" by the state. *Hudson v. McMillian,* 503 U.S. 1, 5 (1992) (citation and internal quotations omitted). The state violates this proscription when it "so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs." *Helling v. McKinney,* 509 U.S. 25, 32 (1993); *Christopher v. Buss*, 384 F.3d 879, 881–82 (7th Cir. 2004). This includes

failing to take reasonable measures to ensure an inmate's safety from physical surroundings and failing to attend to an inmate's serious medical needs.

To state a claim premised on a prison official's failure to protect him from harm, an inmate must allege that a prison official knew of and disregarded an "excessive risk" to his "health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A sufficiently serious risk, evaluated on an objective basis, is one that society considers so grave that to expose *any* unwilling individual to it would offend contemporary standards of decency. *Helling,* 509 U.S. at 36; *see also Bagola v. Kindt,* 39 F.3d 779, 780 (7th Cir. 1994) (dangerous machinery, which caused inmate injury leading to amputation, posed sufficiently serious risk of harm); *Jones v. Morris,* 777 F.2d 1277, 1280 (7th Cir. 1985) (dangerous scaffolding, which caused inmate's fall, posed sufficiently serious risk of harm). The question of the defendant's culpability is subjective; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer*, 511 U.S. at 832. Negligence, or even gross negligence, is insufficient to state a constitutional claim. *See Rosario v. Brown,* 670 F.3d 816, 821 (7th Cir. 2012); *Watkins v. Lancor*, 558 F. App'x 662, 665 (7th Cir. 2014).

Plaintiff alleges that he was injured while working near an oven rack. Although his prayer for relief requests that the oven rack be fixed, he has not alleged that it was broken at the time he was injured, or that its disrepair led to his injury. Further, even if the oven rack posed a dangerous risk at the time Plaintiff was directed to work near it, Plaintiff has not alleged that any prison official knew of the danger. Even under the generous standard to which *pro se* litigants are entitled at the screening

stage, these allegations are not sufficient to state an Eighth Amendment claim for deliberate indifference to his safety due to dangerous prison conditions.

Next, a deliberate indifference claim premised on medical needs also has both an objective and subjective component. "To determine if the Eighth Amendment has been violated in the prison medical context, we perform a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016) (citing *Farmer*, 511 U.S. at 834). Here, even assuming Plaintiff's burn was sufficiently serious to satisfy the objective element of an Eighth Amendment claim for deliberate indifference to a serious medical need, Plaintiff's allegations do not suggest that medical personnel were deliberately indifferent to his needs. Plaintiff alleges that, upon his request, health services personnel evaluated his burn and treated it with cream. Although Plaintiff states that the burn is now infected, he does not allege that health services personnel are failing to treat the infection. As such, Plaintiff's complaint, as it stands, fails to state a medical deliberate indifference claim.

In sum, Plaintiff has not named a proper defendant and has not adequately alleged claims for deliberate indifference to his safety or medical needs. The Court will permit Plaintiff to file an amended complaint curing the deficiencies in the original complaint as described herein. The amended complaint must be filed on or before **December 29, 2017**. Failure to file an amended complaint within this time period may result in dismissal of this action. Plaintiff is advised that the amended

complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiff is further advised that a successful complaint alleges "the who, what, when, where, and how: the first paragraph of any newspaper story." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **December 29, 2017**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the

filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 6th day of December, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge